## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **NATHANIEL HOWARD MOONE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00762 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| | ) | JUDGE JAMES P. JONES |
| **JOHN WOODSON, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Nathaniel Howard Moone, Pro Se Plaintiff.*

The plaintiff, Nathaniel Howard Moone, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Upon review of the complaint, I conclude that the action must be summarily dismissed.

Moone's Amended Complaint and attachments present the following sequence of events related to his claims that arose while he was confined at Buckingham Correctional Center ("BUCC").  On September 20, 2020, Moone delivered a package of law books that he no longer used to BUCC property officers to be mailed out of the prison.  On November 13, 2020, Officer S. Bates notified Investigator Brown that she had a box marked return to sender, for Nathaniel Moone. Investigation revealed that the box contained a cell phone and 100 suboxone strips.

On November 14, 2020, Moone was served with a disciplinary charge for breach or attempted breach of the security perimeter with contraband.

Officer Forbes conducted a hearing on this charge on December 8, 2020. Forbes denied Moone's request for copies of mail logs, finding them to be not relevant to the charge. Forbes also refused Moone's request to have Bates and Brown testify about why Moone was not notified about the return of his package. Finally, Forbes denied Moone's request for assistance in preparing for his hearing. Forbes found Moone guilty of the charge, offering the following statement of reasons for her decision:

> This hearing was held outside of its normal timeframe because of the pandemic. This offender[']s pod has been in isolation for an extended time period. [Reporting Officer] R/O and Officer Bates both testified during hearing. [Moone's] argument was that personal property violated policy when they opened his package and did not notify him. I explained to [Moone] that this is a matter for him to grieve if he felt as if his rights were violated in that matter, however staff must open and inspect any and all packages coming into the facility for safety reasons. [Moone] per R/O and Officer Bates sent out this package and the package came back to him with a return to sender label on it. As the box was being inspected one cellphone, one hundred suboxone strips and a grey powdery substance were found in the bottom of the box in a compartment that was cut out inside of a folder type material. This package could not be accessed by any other offender besides [Moone] therefore this package was intended for [Moone]. R/O has a photo on his phone of the package that was rec[ei]ved and all of the contraband listed in the DOR [Disciplinary Offense Report] inside of it. [Moone] is the sender of this package. The package has [Moone's] name, number and [BUCC] on the package and again [Moone] has sent this package back. It is more likely than not that [Moone] has conspired with someone on the outside to have these items placed in the package and have them returned back to sender which is [Moone]. In the DOR

> it states that [Moone] sent the package out on September 4, 2020 and it
> was returned back to [Moone] with these items in it on 10/13/2020.
> [Moone] makes no mention of his package that he admits to sending
> out being lost in the mail or anything because there is a month in
> between the time that the package was sent out and the time that it
> comes back to [Moone]. His only argument is that staff should not have
> opened up the package[;] instead they should have contacted him to see
> what he wanted to do with it. It is definitely more likely than not that
> [Moone] was attempting to breach the security perimeter with
> contraband.

Am. Compl. Ex. B, Disciplinary Offense Rep. 7, ECF No. 12-1. Forbes found Moone guilty of the charge and penalized him with the loss of commissary and telephone privileges for ninety days. Moone's appeals to the highest level of review were unsuccessful.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV § 1. Where a claimant asserts procedural due

process claims, as Moone does, the court must first consider whether the inmate has asserted a protectable interest and, if so, whether he was afforded the minimum procedural protections required by the Fourteenth Amendment before he was deprived of that interest. *Incumaa v. Stirling*, 791 F.3d 517, 526 (4th Cir. 2015). When a penalty for a disciplinary infraction does not inevitably affect the length of an inmate's term of confinement, his constitutionally protected liberty interests are limited to freedom from restraint that imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). Without a federally protected interest at stake, the inmate has no federal claim to particular procedural protections. *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).

Moone's due process claim fails on the first prong of this analysis. The only disciplinary penalties imposed on him were temporarily withdrawn privileges — commissary and telephone usage. Lack of access to such privileges for short time periods are an expected aspect of prison life. Thus, these penalties cannot constitute the type of atypical or significant deprivation in which a state would create a federally protected liberty interest. Because I find that Moone had no liberty interest in avoiding such penalties, I also find that he had no federal constitutional right to

any particular procedural protections during the hearing at which those penalties were imposed.

For the stated reasons, I conclude that Moone's allegations in this lawsuit do not support any claim that he was deprived of a constitutionally protected right. Therefore, I will summarily dismiss the case, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief can be granted.  A separate Order will be entered herewith.

DATED:   November 1, 2021

/s/  JAMES P. JONES
Senior United States District Judge